IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA JOE FLEENOR,                    Case No. 3:11-cv-01326-MA

                Plaintiff,           OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner Social Security
Administration,

                Defendant.

PHYLLIS BURKE
3800 NE Sandy Blvd. Suite 226
Portland, OR 97232

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

FRANCO L. BECIA
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Joshua Joe Fleenor seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-403, and Supplemental Security Income (SSI) disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Currently before me is the Commissioner's Motion to Remand. (#22.) The parties agree this case should be reversed and remanded, but disagree as to whether I should remand for further administrative proceedings or for immediate payment of benefits. For the reasons that follow, this court partially grants the Commissioner's motion to remand, reverses the decision of the ALJ, and remands this case for an immediate award of benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2007, plaintiff protectively filed an application for SSI and a period of disability benefits. Plaintiff alleges disability beginning April 1, 2006, due to borderline intellectual functioning, learning disabilities, depression and anxiety. The claims were initially denied on April 23, 2008, and on reconsideration on October 22, 2008. Plaintiff filed a request for a hearing before an administrative law judge (ALJ). An ALJ held a hearing on April 20, 2010, at which plaintiff

2 - OPINION AND ORDER

appeared with his attorney and testified.  A vocational expert (VE), Gary R. Jesky, appeared, as did plaintiff's aunt, Pamela Delong.  On May 7, 2010, the ALJ issued an unfavorable decision. The Appeals Council denied plaintiff's request for review on September 7, 2011.  The ALJ's decision therefore became the final decision of the Commissioner for purposes of review.

Plaintiff was 29 years old at the time of the hearing. Plaintiff did not graduate from high school or obtain a general education diploma (GED), and was in special education classes throughout school.  Plaintiff has past relevant work as a retail clerk and facer stocking shelves at Walgreens, where he worked for approximately 18 months.  Plaintiff previously attempted work at an auto shop sanding paint from cars through Vocational Rehabilitation, but was not successful.  Plaintiff has several other unsuccessful work attempts, including at a warehouse, a temp agency, and a fast food restaurant.

## ALJ'S DISABILITY ANALYSIS

The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through March 31, 2005.  A claimant seeking DIB benefits under Title II must establish disability on or prior to the last date insured.  42 U.S.C. § 416(I)(3); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since his amended alleged onset date

of April 1, 2006. <u>See</u> 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*, 416.920(b), 416.971 *et seq.*

At step two, the ALJ found that plaintiff had the following severe impairments: dysthymic disorder, learning disorder, reading disorder, mathematics disorder, disorder of written expression, borderline intellectual functioning, and dependent personality disorder. <u>See</u> 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff's impairments, or combination of impairments did not meet or medically equal a listed impairment. <u>See</u> 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a full range of work at all exertional levels, but had the following nonexertional limitations: no ability to read, write or use numbers; should avoid concentrated exposure to hazards, he is able to understand, remember, and carry out short, simple instructions and perform routine tasks but should have no interaction with the general public and only superficial interaction with co-workers and should have no close cooperation or coordination in the work environment. <u>See</u> 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

At step four, the ALJ found plaintiff unable to perform any past relevant work. <u>See</u> 20 C.F.R. §§ 404.1565, 416.965.

4 – OPINION AND ORDER

At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the claimant can perform, such as janitorial work and dishwasher. See 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966. Accordingly, the ALJ concluded that Plaintiff is not disabled under the meaning of the Act.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.; Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).

## ISSUE ON REVIEW

Plaintiff argues that the ALJ improperly evaluated the medical evidence, plaintiff's testimony, and the lay testimony. Plaintiff contends that these errors resulted in an erroneous RFC and resulting hypothetical to the VE at Step Five. Plaintiff asserts that when the medical evidence is properly credited, he is limited to one-to-two step tasks, and that because he is incapable of

5 - OPINION AND ORDER

performing the jobs identified by the VE, he is disabled. Plaintiff also asserts that he meets Listings 12.02, 12.04 and 12.08 at Step Three.

The Commissioner concedes that the ALJ erred. However, the Commissioner contends that limiting plaintiff to one-to-two step tasks does rule out all competitive employment, and therefore a remand for further proceedings is the appropriate remedy. The Commissioner also contends it is not clear from the medical evidence that plaintiff satisfies a Listing at Step Three and that further evaluation necessary. Because the Commissioner concedes error, I address only the question of remand.

## DISCUSSION

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for immediate payment of benefits. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Harman, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Id.

Where it is not clear that the ALJ would be required to award benefits were the improperly rejected evidence credited, the court has discretion whether to credit the evidence. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The reviewing court should decline to credit testimony when "outstanding issues" remain. Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

Kim Goodale, Psy.D., conducted a psychodiagnostic evaluation of plaintiff on January 24, 2008. Dr. Goodale determined that plaintiff has some mild cognitive impairment, with lapses in attention and concentration, and that plaintiff gave up easily when tasks became challenging. Tr. 202. Dr. Goodale also stated that plaintiff does not appear to be "engaging effectively in daily activities," finding his personal hygiene lacking and that he isolated himself. Tr. 202. Dr. Goodale found that plaintiff would "likely be able to function best in an environment that is very structured with a daily routine" and stated that plaintiff could perform well if he understands what is expected. Tr. 202.

On April 22, 2008, psychologist Dorothy Anderson, Ph.D., reviewed plaintiff's file and determined that:

> [Plaintiff] would be able to perform basic and brief work
> that does not require more than 1-2 steps for completion.
> He would not be able to perform more detailed work than
> this.  He would be able to maintain attendance at work.
> He would be able to make simple work related decisions.
> Tr. 222.

On October 9, 2008, Joshua J. Boyd, Psy.D. concurred with Dr. Anderson's opinion.  Tr. 262.  Dr. Anderson also indicated that plaintiff was not significantly limited in the areas of sustained concentration, persistence, and pace.  Tr. 220-21.

At the hearing, plaintiff testified that when working at Walgreens as a facer and retail clerk, he was assisted greatly by his brother-in-law, who was also his supervisor.  Tr. 292. Plaintiff testified that when facing shelves, he could complete only three shelves to his brother-in-law's six, and that his brother-in-law completed his work for him.  Tr. 232-93.  Plaintiff also testified that his brother-in-law assisted him when working the register, and that plaintiff was unable to close and balance the register at the end of his shift.  Tr. 295.  Plaintiff stated that after his brother-in-law was transferred to a different location, he was fired within a week.  Tr. 296.

Ms. Delong, with whom plaintiff resides, testified at the hearing that plaintiff had difficulty staying on task with chores around the house.  Tr. 318. Ms. Delong testified that she checks on plaintiff when he is doing chores approximately every 15 to 20 minutes, only to find that plaintiff has completed the chore

incorrectly, has wandered off, or has forgotten.  Tr. 318.  Ms. Delong testified that plaintiff needs reminders to take care of his personal hygiene, requires supervision to get ready to leave the house, and that she believes plaintiff is unable to live independently.  Tr. 322-23.

The ALJ did not incorporate the limitation described by Drs. Anderson and Boyd that plaintiff is limited to one-to-two step tasks.  Instead, in the hypothetical presented, the ALJ asked the VE to consider a claimant who is capable of carrying out short, simple instructions, can perform routine tasks, and should have no interaction with the general public, no close cooperation with co-workers, and should avoid mechanized equipment, whether jobs exist in significant numbers in the national economy that such a claimant could perform.  Tr. 326.  The VE identified the jobs of janitor and dishwasher.  Tr. 327.

Plaintiff's counsel, however, asked the VE to consider a claimant with the limitations described by the ALJ, but also is limited to one-step tasks.  Tr. 327.  The VE responded that the additional limitation of one-step jobs would eliminate competitive employment, stating "I think when you're looking at one-step types of jobs, you're really looking at sheltered employment."  Tr. 328.

Plaintiff's counsel also asked whether a limitation to two-step jobs would eliminate the janitorial and dishwasher jobs.  The

VE's response was ambivalent, stating that it would be "borderline" because the jobs are also routine.  Tr. 328.

The Commissioner argues that remanding for further proceedings is necessary because it remains "unresolved" what jobs plaintiff could perform with his mental limitations, hygiene issues, and pace concerns as described by Drs. Goodale, Anderson, and Boyd. Defendant's Motion for Remand (#22) p. 6-7.  The Commissioner contends that even if the janitorial and dishwasher jobs are eliminated, all competitive employment is not ruled-out simply by limiting plaintiff to one-to-two step tasks.  I disagree.

The record also contains testimony from plaintiff concerning his slow pace and reduced productivity.  Plaintiff testified that he worked at half the pace of his co-workers at Walgreens and the auto body shop, and worked too slowly in a warehouse and at Subway, and consequently was fired.  Tr. 288, 292, 297, 302.  Notably, plaintiff was fired from his only successful period of employment at Walgreens within a week of his brother-in-law's transfer.  Tr. 296.

Moreover, plaintiff's counsel specifically asked the VE to consider a claimant who worked at a 70 percent pace of the typical person in such a job, and the VE testified that someone who worked at less than 80 percent productivity could not likely sustain competitive employment.  Tr. 329.  The VE also testified that if a claimant worked at a 50 percent pace, competitive employment could

not be sustained.  Tr. 329.  Indeed, the Commissioner concedes the ALJ erroneously discredited plaintiff.    Thus, when plaintiff's testimony is fully credited, it is clear that plaintiff is disabled within the meaning of the Act.  See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).

Lastly, there is vocational expert testimony in the record that if a claimant required the type of constant supervision as described by plaintiff's aunt, such a claimant would be limited to sheltered employment.  Tr. 332.  Again, if Ms. Delong's testimony is fully credited, the record establishes that plaintiff is disabled.  Id.

Therefore, because there are no outstanding issues that must be resolved and it is clear from the record that plaintiff is entitled to disability benefits, I reverse the ALJ's decision and remand for an immediate payment of benefits.  Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Benecke, 379 F.3d at 596.

Because I have remanded for an immediate award of benefits, I do not address whether plaintiff meets or equals a Listing.

////

////

////

////

////

11 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the Commissioner's Motion to Remand (#22) is GRANTED IN PART, and DENIED IN PART; pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this _28_ day of JANUARY, 2013.

Malcolm F. Marsh
United States District Judge

12 - OPINION AND ORDER