IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA JOE FLEENOR,　　　　　　　　　　Case No. 3:11-cv-01326-MA

　　　　　Plaintiff,　　　　　　　　　　ORDER ON ATTORNEY FEES

　v.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,

　　　　　Defendant.

MARSH, Judge

　　Plaintiff Joshua Joe Fleenor brought this action seeking review of the Commissioner's decision to deny his application for disability insurance benefits and supplemental security income disability benefits. In a January 28, 2013 Opinion & Order, I reversed the Commissioner's decision and remanded the case for an immediate calculation and award of benefits.

　　Following plaintiff's unopposed application for Attorney Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, I I entered an order awarding plaintiff $8,500.00 in fees in this matter.

1 - ORDER ON ATTORNEY FEES

Plaintiff's attorney, Phyllis Burke, now seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $13,381.25. Defendant has no objection to the request. For the reasons that follow, plaintiff's motion is granted.

### STANDARD

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. Gisbrecht v. Barnhart, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. Id.

Under Gisbrecht, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. Id. at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" Crawford v. Astrue, 586 F.3d 1142, 1152 (9th Cir. 2009)(en banc)(quoting Gisbrecht, 535 U.S. at 808)). As set forth in

2 - ORDER ON ATTORNEY FEES

Crawford, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. Id. at 1151-52.

## DISCUSSION

Here, the terms of the contingent-fee agreement between Plaintiff and Attorney Burke are within the statutory limits of section 406(b). The $13,381.25 in attorney fees Burke seeks amounts to 25 percent of the retroactive benefits awarded to Plaintiff. See Memorandum in Support (#34), Ex. 3, p.3.

I have reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by Crawford, I find the requested fees reasonable. There is no indication that Attorney Burke was either ineffective or dilatory, and she achieved a favorable result for plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Burke, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified.

In short, after applying the Gisbrecht factors, as interpreted by Crawford, I find that plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

Attorney Burke represents that the entire $8,500.00 fee previously awarded under EAJA has been withheld by the United States Treasury in order to offset an outstanding child support obligation. Accordingly, the entire fee under § 406(b) is payable to Burke. Therefore, the Commissioner is directed to send plaintiff's attorney $13,381.25, less any applicable processing fees as allowed by statute.

## CONCLUSION

For these reasons, Plaintiff's Motion for Attorney Fees (#33) pursuant to 42 U.S.C. § 406(b) in the amount of $13,381.25 is GRANTED.

IT IS SO ORDERED.

DATED this 8 day of OCTOBER, 2013.

Malcolm F. Marsh
United States District Judge